STATE SENATOR MAY SERVE AS ATTORNEY AND LEGAL ADVISOR TO LOCAL SCHOOL DISTRICT It does not constitute an apparent conflict of interest or responsibility for an individual to serve as State Senator and also as the attorney and legal advisor to a local school district, provided the State Senator does not receive compensation for his work from funds appropriated by the State Legislature, but must receive compensation from separate funds derived exclusively from sources other than legislative appropriations. We have reviewed your request for an opinion in which you ask the following question: "Does it constitute a conflict of interests or responsibility for one individual to serve as State Senator and also as the attorney and legal advisor for a State School District?" Title 74 O.S. 1409 [74-1409] (1970), is the basic conflict of interest Statute applicable to the Legislators. " 1409. Acts prohibited by Legislator. No Legislator shall: "(a) Introduce, promote or vote for any proposed special interest legislation on his own behalf, or on behalf of any other person, corporation, partnership, trust or business entity which directly affects such Legislator or in which such Legislator has or may have any substantial financial interests other than legislation affecting legislative salaries, expenses and allowances; provided that this provision shall not preclude a Legislator from introducing, promoting or voting for any proposed general legislation which directly affects him or in which he has or may have any substantial Financial interest: "(b) Directly or indirectly accept or request any compensation, give, loan, entertainment, favor, or service given for the purpose of influencing such Legislator in the discharge of his official duties. Provided, however, that this section shall not apply to bona fide campaign contributions; "(c) Use his official position to secure special privileges, exemptions or compensation for himself, except as may be provided by law, "(d) Disclose confidential information acquired by reason of his official position to any person, group, or others not entitled to receive such confidential information, nor shall he use such information for his personal gain or benefit; "(e) Sell or cause to be sold, either as an individual or through any business enterprise in which he holds a substantial financial interest, goods or services to any state agency unless the contract is awarded pursuant to statutes relating to the Purchasing Division of the State Board of Public Affairs; "(f) Receive any compensation for his services as a Legislator from any source other than the State of Oklahoma, unless otherwise provided by law; "(g) Accept other employment which would impair his independence of judgment in the performance of his public duties; "(h) Receive or agree to receive compensation for representing or assisting any person or business in any transaction involving the state; provided, this subsection shall not apply to representation of a person or business when such representation requires the Legislator to possess a special license, permit, or technical knowledge to properly represent the person or business. This act shall not be interpreted to prevent an attorney to appear in behalf of his client in any court, board, or commission; or "(i) Be employed by or receive any commission, fee, compensation from the state, except the compensation and allowance for expenses provided by law to a Legislator. "Nothing in this section shall prohibit a Legislator from representing or assisting a person or business in any matter before an administrative or judicial body of the state when the matter merely involves a proceeding by a person or business against another person or business." Although it is not totally inconceivable that some conflict might arise with respect to the provisions in subsections b, c, d, f, and g where unusual facts or circumstances might exist, it is our opinion that none of these subsections would be violated by a State Senator representing a local school district as an attorney except under rare or unusual circumstances, which circumstances we do not have before us at this time. It would not appear that subsection a, e, or h would have any application to your question. The answer to your question, therefore, would depend upon whether the employment as attorney by a local school district would constitute being "employed by or receive any commission, fee, or compensation from the State." In our opinion, these provisions in effect restate the judicial interpretation of Article V, Section 23, of the Oklahoma Constitution. Article V, Section 23 of the Oklahoma Constitution was interpreted in an opinion of the Attorney General dated October 4, 1963, to the Honorable Scott Tuxhorn. That Attorney General's opinions which had bearing upon the question of whether a Legislator can receive directly or indirectly any monies from the State (opinion attached for reference). The conclusion of the Attorney General in 1963 is stated as follows: "(b) No Member of the Legislature, during the term for which he shall have been elected, or within two years thereafter is entitled to derive, directly or indirectly, any pecuniary benefit from appropriations made by a legislature of which he was a member, regardless of whether or how he voted thereon. "(c) No member of the Legislature may receive compensation out of the general fund of any school district to which there has been apportioned by the State Board of Education out of appropriated funds any sum of money as Basic Aid, Operational Fund Aid, or State Equalization Aid. Such member of the Legislature may receive compensation out of the general fund of a school district which receives no state aid; or he may receive compensation out of separate funds, if any, derived exclusively from sources other than legislative appropriations, provided his salary is not included in calculation of the minimum program of the district." The 1963 Attorney General's opinion was considered by the Oklahoma Supreme Court in State of Oklahoma ex rel Settles v. McCurtain County, Oklahoma, 389 P.2d 356 (Okl. 1964), and that portion of the Attorney General's opinion containing the above conclusions (b) and (c) was approved by the Court. We find no reason for deviation from the basic tenets set forth in said Attorney General's opinion. We further find that the principles therein are applicable to the present situation where a member of the Legislature acts as an attorney for the School District as opposed to acting as a school teacher for the district as was the case considered in the Attorney General's opinion and the Settles case. It is therefore, the opinion of the Attorney General that your question be answered conditionally, in that it does not constitute an apparent conflict of interest or responsibility for an individual to serve as State Senator and also as the attorney and legal advisor to a local school district, provided the State Senator does not receive compensation for his work from funds appropriated by the State Legislature, but must receive compensation from separate funds derived exclusively from sources other than legislative appropriations. (Gary M. Bush) ** SEE: OPINION NO. 74-166 (1974) ** ** SEE: OPINION NO. 74-268 (1975) **